SHAPLEIGH HARDWARE Co. *v*. LEWIS ET AL.

[79 South. 796, Division B.]

CORPORATIONS. *Ultra vires. Purchase of automobile supplies.*
Where a charter of a company expressly provides that the company may "conduct a general automobile and taxicab business for the carriage of passengers," such a company has the power through its officers to buy automobile supplies and its power so to do cannot be questioned by a seller of supplies in a suit against such officers, as partners on the ground that the purchase was *ultra vires.*

APPEAL from the circuit court of Hinds county. HON. W. H. POTTER, Judge.

Action by the Shapleigh Hardware Company against M. A. Lewis and others. From a judgment for the defendants, the plaintiff appeals.

The facts are fully stated in the opinion of the court.

*R. H. & J. H. Thompson,* for appellant.

We will be pleased to have the court decide the question claimed by appellees' attorneys to be the only one in the case. They say, last paragraph on page 6 of their brief, that: "The sole question, therefore, that is presented by this record is whether or not the defendants below were the agents of said corporation acting within the authority granted it by the charter."

And again on page 8 of their brief, at the beginning of the page, appellees' attorneys say:

"The single issue remains, did the corporation have authority to carry on a mercantile business?"

The appellees' attorneys, by implication at least, admit that the defendants are personally liable to the plaintiff for the debt sued upon if the defendants were acting beyond the scope and power of the corporation

when they purchased the goods, to be used in a mercantile establishment.

The only power given by the charter pertinent to the inquiry is in these words: "To own and operate automobiles for hire and to conduct a general automobile and taxi-cab business for the carriage of passengers for hire in the city of Jackson, Mississippi, and the territory adjacent thereto."

Note that the ownership and operation of automobiles and motor cars mentioned in the charter were not to be owned and operated for sale but for hire. Note, too, that the general automobile and taxi-cab business mentioned therein was not for the sale of automobiles and taxicabs but for the limited purpose of carrying passengers for hire in the city of Jackson and adjacent territory.

Appellees' attorneys have a good deal to say in their brief touching what they call primary and secondary corporate functions; and insist that the right to own and operate automobiles and motor cars for hire and to conduct a general automobile and taxi-cab business for the carriage of passengers necessarily requires power, and carries with it the authority, to purchase and keep a supply of automobiles, taxi-cabs, gasoline and other things used in the business authorized by the charter. This proposition we do not dispute; but in this case the replication distinctly avers that the goods, wares and merchandise mentioned in the declaration were not purchased from the plaintiff by defendants to be used in the business authorized to be done, transacted and carried on by the defendants, but the same were purchased by the defendants from the plaintiff to be resold and used by defendants in a mercantile business carried on by the defendants outside of the charter and beyond the power of the corporation and that the goods sued for were received by the defendants and brought into and made part of the

stock of goods, wares and merchandise then belonging to the defendants and kept by them for sale and were owned, used and sold by them as parts and parcels and in the course of their mercantile business, a business which the corporation had no power to transact.

These averments of the replication were admitted to be true by the demurrer, and by no process of reasoning can they be excluded from their proper effect in the consideration of this case. If the contention of appellees' counsel be true, there is no limit to the power of the corporation whose charter is presented by this record, nor is there any limit to any corporate charter that ever was granted. If the right to carry on a taxi-cab business and to transport passengers for hire in a designated community by necessary implication empowers the corporation, as claimed by appellees' attorneys, to engage in the mercantile business, then this corporation might establish a tannery on the theory and claim that leather was needed in the taxi-cab business. An example of appellees' logic may be stated thus:

Leather is an essential material in the operation of automobiles for hire; it is used as covers for seats, and in divers other ways about the upkeep of automobiles. Therefore, the corporation may purchase leather for such uses as a primary function; and, say they, it necessarily follows, as a secondary function, that the corporation may maintain a tannery to make leather, and since leather cannot be made without hides, the corporation can purchase hides, and in addition it may produce hides by raising cattle, and to raise cattle it may purchase pasture lands and lands upon which to produce feed for the cattle, and, since cattle need salt, the company may purchase or mine salt, etc; in short, the corporation may engage not only in the carriage of passengers, but as well in mercantile, manufacturing, mining and agricultural pursuits.

There is scarcely an article of commerce that may not occasionally be needed in the taxi-cab business. A common jack screw, such as is used in elevating automobiles in the course of repairing and removing defective tires, is certainly an essential thing in the taxi-cab business; and if appellees' attorneys' argumentation be sound, the corporation under consideration has power to engage in mining and manufacturing so as to procure jack screws. The truth is, that while the courts deal liberally in determining incidental powers of corporations, yet no judicial decision has ever been made that goes the length of the appellees' contention in this case.

*G. L. Teat* and *J. L. Teat,* for appellee.

The sole question, that is presented by this record is whether or not said defendants below were the agents of said corporation acting within the authority granted it by its charter.

It is contended by counsel in the declaration that the plaintiff below was suing the appellees individually and seeking to charge them with personal responsibility for the account mentioned in the declaration. This theory of the case cannot now be considered because the appellant by the words and the language of its replication elected to predicate its right to recover in its replication to the special plea on the single ground the defendants below were not authorized by law to engage in the mercantile business. This is the sole issue so presented to the trial court and the appellant will be bound by it upon appeal to this court. It cannot make one case in the court below and seek to make a different case upon appeal to the supreme court. When the special plea was filed by the defendants below the plaintiff had a right to do and exercise it in admitting the facts so laid in said special plea,

and as shown in filing it replication thereto, choosing the ground upon which it desired or expected to recover.

The questions as to whether or not the defendants disclosed to the plaintiff all or any part of the facts relating to their authority to act for the corporation is wholly immaterial upon review, because the plaintiff's right to recover was predicated wholly upon the authority, which defendants might exercise under said charter. The special plea of the defendants denied the purchase of goods in an individual capacity, but averred that the goods were bought from the plaintiff by the Jackson Jitney Car Company, a corporation of which defendants were merely the officers and agents. No question was raised as to the sufficiency of this plea, nor affidavit demanded, demurrer or otherwise denying the existence of a partnership between defendants. If there was any need of such, the plaintiff elected to waive it and choose to file its replication as above mentioned. It does not become material in the consideration of this case whether the special plea should have been sworn to or not. This issue was waived by the plaintiff in the court below, and there is nothing in the record to be reviewed thereon.

The repeated announcement of counsel for appellant that the officers and agents of said corporation, the Jackson Jitney Car Company, exercised *ultra vires* powers does not assist this court in determining or construing the charter of said corporation.

On page 8 of brief for appellant, counsel for appellant comes more directly to the question at issue. They announce that the defendants had no authority as officers and agents of the corporation and the corporation itself had not legal rights to make the purchase of the goods sued for in this account. It is perfectly clear that the appellant has predicated this suit upon a mistaken view of the opinion of the court in the case

of *Orr* v. *Jackson Jitney Car Company,* 75 So. 945, 115 Miss. 140. Counsel for appellant represented H. S. Orr in this suit and are now hoping that this court will go beyond its opinion in the Orr case and hold that the charter of the Jackson Jitney Company did not authorize said corporation to do a mercantile business. In fact we find in the Orr case the suggestion that brought this suit into existence.

Now what business was authorized to be carried on by said charter? It is a common carrier of passengers for reward by means of automobiles and taxicabs. The operation of automobiles and taxicabs must presuppose certain essentials, the owning of cars, the repair of cars, the accessories for cars and in short the business of a garage. Such business necessarily requires a stock of gasoline, engine oil, spark plugs, inner tubes, casings, electric light burners, etc. All of this is merchandise and without it the business of carrying passengers for reward by motor cars could not be done. If the charter did not authorize the purchase of these accessories then the carrying of passengers for hire by motor cars would be prohibited. The charter rights would be nullified. The authority to carry on business or carrying passengers for reward by means of motor cars must necessarily authorize the keeping of a stock of supplies with its usual equipment.

We might say that a modern garage is like the livery stable business. A corporation engaged in the livery stable business not only authorizes the transfer of persons by horse power for reward, but the caring for horses; the buying of feed for horses; the buying and selling of horses themselves; the receiving and caring for horses for other persons. To split into he business of the livery stable by saying that it can transfer persons by horse power but nothing more, must necessarily destroy the business. He must have the right to buy and sell horse feed, to buy and sell horses,

to buy and sell vehicles. If he cannot exercise these functions his business must pale into stagnation and crumble by decay.

Under section 7 of said charter, said Jackson Jitney Car Company was authorized to conduct a general automobile business for the carriage of persons for reward. The authority granted for the carrying on of this business necessarily authorized the carrying a stock of supplies necessary for the operation of the same. The carrying of a stock of supplies must necessarily authorize the purchase and sale of such stock of supplies. It would be most rediculous to say that such corporation could not sell its automobile supplies to the public. The right to purchase without the right to sell is to have the right to plant without the right to prune. Its stock of gasolines, oils, casings, tubes, and spark-plugs, adapted to the various sizes and sorts of automobiles, must be supplied and diminished in a business way, constantly moving and changing by current demand. The sale of a car must authorize the sale of accessories suitable to it. For what reason should the company hold a stock of casings suitable to cars that were worn out and disposed of but unsuited to any other cars. Such charter limitations are destructive. It would mean the fettering of business by unreasonable limitations.

"The officers of a corporation are not liable for the corporate acts and debts, by reason of the officers relation to the corporation. They are merely the agents of the corporation and on principle should no more be held liable therefor than any other agent should be held liable for the acts and debts of his principal." 7 R. C. L., 476. The authorities are uniform in announcing this principle.

The inevitable conclusion must necessarily follow that if, as laid in defendant's special plea, the defendants severally acted in no other wise in the purchase

of said goods, wares and merchandise of the plaintiff, than as the officers and agents of the Jackson Jitney Car Company, then they were acting within the authority of said charter and cannot be liable to the plaintiff in said suit.

STEVENS, J., delivered the opinion of the court.

This is an action of *assumpsit* instituted by appellant, a corporation, as plaintiff in the court below, to recover the price of certain goods, wares, and merchandise bought by the Jackson Jitney Car Company. The suit, however, was instituted against M. A. Lewis and others, officers and agents of the Jackson Jitney Car Company; the declaration charging that the defendants were partners in trade doing business under the partnership name of "Jackson Jitney Car Company." The defendants pleaded the general issue, and also filed a special plea averring that the defendants were not liable either as individuals or partners; that they did not purchase the goods; but, on the contrary, that the Jackson Car Company, a domestic corporation, duly chartered under the laws of the state of Mississippi and doing business as a corporation, in fact purchased the goods sued for. With the special plea the defendants filed a copy of the charter of the said corporation. The plaintiff filed a replication challenging the corporate power of the Jackson Jitney Car Company to buy the goods sued for, alleging that these goods were bought for purposes of resale in a mercantile business conducted by the defendants in connection with the jitney business, and that the said corporation had no power to do a mercantile business. A demurrer was interposed to the replication and by the court sustained. The plaintiff declined to plead further, and thereupon a judgment was entered in favor of defendants, from which the plaintiff prosecutes this appeal.

The charter of the corporation is brief and in general terms. Among other, things, it provides that, "the purpose for which it is created: to own and operate automobiles and motor cars for hire and to conduct a general automobile and taxicab business for the carriage of passengers for hire in the city of Jackson, Mississippi, and territory adjacent thereto," and that the rights and powers are those conferred on corporations by chapter 24, Mississippi Code of 1906. There is no question about the legality of the charter, the enrollment thereof, or the due organization of the corporation as such. The argument of appellant on this appeal submits the proposition that the officers and agents of a corporation are its servants with authority to act only within the scope of corporate powers, and that when they depart from their agency or authority or, in other words, when they do any acts that are *ultra vires,* the individuals acting for the corporation become personally liable as partners.

As we construe the record and the position taken by counsel for appellant, the claim of appellant and its entire argument is based upon the assumption that the corporation, the Jackson Jitney Car Company, did not possess the charter power to purchase the goods sued for. If the corporation had the power and the defendants in purchasing the goods acted for the corporation, then the argument for appellant has no application to the real issue. In our opinion the question may be limited to the one question of power or no power. The charter expressly provides that the company may "conduct a general automobile and taxicab business for the carriage of passengers." This language is most general in its terms. In the prosecution of its business the company had power to do whatever is necessary for the successful administration of a general automobile and taxicab business. A primary need would be motor vehicles and parts or supplies for such vehi-

cles.   It is conceded that the goods, wares, and merchandise sued for are automobile supplies.   The itemized account sued on shows the character of these supplies. As said by Mr. Cook, in his work on Corporations (7th Ed. vol. 3, par. 681):

"The decision in any particular case turns largely on the questions of who is complaining; against whom the complaint is made; and what relief is sought."

This is a suit by the seller of automobile supplies sold and delivered to the officers and agents of a corporation lawfully chartered to do a general automobile business.   It is not a question involving the sale by the Jackson Jitney Car Company of the same goods to third parties.   This is not a controversy between the state and the company chartered.   If the appellant as the seller contracted with the defendants as officers and agents of the Jackson Jitney Car Company and delivered to them goods for the use and benefit of the corporation, how can appellant be heard to question the secret motive of the corporation to appropriate the goods purchased to stock a mercantile business which the corporation has no power to conduct?   When the Jackson corporation bargained for and appellant sold the goods sued for, the sale transaction was complete and the goods became the property of the purchasing corporation.   If the statement of Mr. Cook (vol. 3, supra, on page 2260) that "officers incur no personal liability when avowedly contracting on behalf of the company" be correct, then this case should be affirmed. But we need not enter into any discussion of circumstances under which officers and agents of a corporation become personally liable.   This action is not one sounding in tort or based upon the fraud or misrepresentation of the officers.   This is an action based upon the contract.   The plea of the defendants charges that the corporation bought the goods.   To meet this charge, appellant submits a question of law, not an issue of

fact. The charge is that as a matter of law the corporation had no power to buy the goods, and in this we think the appellant is in error. It does have the power to buy motor vehicles, parts of vehicles, or any supplies necessary in the conduct or prosecution of its business. If the Jackson corporation has the power to purchase these supplies, it does not concern appellant what becomes of these supplies after they are bought and delivered. To permit appellant to question the motives of the Jackson corporation in buying the supplies and to follow the goods, and to inquire whether any of them have been sold to third parties, would be to allow appellant to supervise the internal affairs of the corporation. The purchase of the goods is one thing, and the use of them by the corporation is another and entirely different question.

*Affirmed.*